Chief Judge Cooke
(dissenting). Although I agree that generally the scope of a nonconformingvuse of property for soil mining is not limited solely by the extent of actual excavation at the time the zoning ordinance was adopted, I would remit the matter to Supreme Court for remand to the Board of Zoning Appeals — a course which the majority concedes is ordinarily proper.
There is no question that Mr. Herring engaged in soil mining or quarrying prior to adoption of the restrictive ordinance and thus was entitled to continue his operations as a nonconforming use. The only disputed issue is the extent of that nonconforming use.
I agree with the majority that given the peculiar nature of soil mining, it is unrealistic and unreasonable to define the extent of such a nonconforming use by the extent of actual excavations existing when the ordinance was adopted. This is so because soil mining or quarrying manifestly contemplates gradual excavation along both vertical and horizontal lines as demand dictates. To recognize the unique quality of this form of land use, however, does not resolve the factual question concerning the extent to which a particular parcel has been dedicated to such use. Just as excavation of only a portion of the property does not define the extent of the nonconforming use, use of a limited portion generally should not and does not render the entire parcel nonconforming (see Matter of Dolomite Prods. Co. v Kippers, 23 AD2d 339, affd 19 NY2d 739).
It is because resolution of this case turns on the facts that I am compelled to dissent from the majority’s action. Here, the *288 Board of Zoning Appeals failed to make factual findings and at least some members employed an improper standard in reaching a decision. Without fact findings by the board and a coherent basis for its determination, this court cannot properly review the board’s action (see Matter of Community Synagogue v Bates, 1 NY2d 445). The only proper course in such a case is to remit to Supreme Court with directions to remand the matter to the board for that body to make factual findings and conclusions consistent with the proper standards (see id.; Matter of Mott v Duncan Petroleum Trans., 51 NY2d 289, [decided herewith]).
Contrary to the majority, I cannot view such a remand as a mere "formality”. The board is free to accept or reject testimony in resolving relevant fact questions and may draw inferences from those facts in determining Mr. Herring’s intention and the extent to which he effectuated that intention. This court does not enjoy the same fact-finding power. Notwithstanding its limited review function, this court has made a factual determination that the entire 25-acre parcel may be mined as a nonconforming use. It is this unjustifiable invasion of the board’s function that is objectionable and in which I cannot concur.
Judges Jones, Wachtler, Fuchsberg and Meyer concur with Judge Jasen; Chief Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.